# Stephens, Appellant, *v.* Dayton.

*Wills—Trusts and trustees—Perpetuities.*

Testator devised and bequeathed all of his property to his executor, in trust for the purposes named in his will, and then over. He further directed as follows:

" (h) The residue of the rents, issues and profits of my said estate, after paying all charges thereon, shall be equally divided, semi-annually, between my son Ira A., and daughter, Susan, or should either die, between the survivor and the heirs and the next of kin of the deceased, said heirs and kin taking what the deceased, if living, would have taken; or, if this trust should continue after the death of both my said son and daughter, the said residue of the rents, issues and profits of my estate shall be divided, one-half to the heirs and next of kin of said deceased son, and one-half to the heirs and next of kin of said deceased daughter.

" (k) The trust hereby created shall cease immediately upon the sale by the trustees of my shares of the capital stock of the J. E. Dayton Company, Williamsport, Pa., or upon the said trustees dividing the said capital stock between my said two (2) children or upon the death of the survivor of my son or daughter, should he or she die before the other, and the said trustee shall immediately, upon this its termination in any one of the ways aforesaid, convey all the estate then in their hands to my son and daughter in equal shares; or, if my son or daughter or both be then dead, the half which otherwise would be conveyed to him or her, shall be conveyed to the heirs of said son or daughter, or, if the property be personalty, to such persons as, under the intestate laws, would be thereto entitled had such son or daughter died owner of it.

"(l) Notwithstanding the provision in the preceding paragraph as to the termination of the trust hereby created, if in the unanimous judgment of my said trustees, it would be unwise for any reason at the time and under the conditions mentioned therein to so divide my estate, this trust shall continue during the life of the survivor of my grandchildren, who may be living at the time of my death, or until such time, although one or more of said grandchildren be living, as the said trustee shall unanimously agree that it will be wise and safe to terminate said trust, and I hereby give the said trustees full power to carry out the provisions of this paragraph. If, as provided in this paragraph, the trust be continued after the death of the survivor of my son and daughter, the said trustees shall immediately upon its termination convey all the estates then in their hands to the heirs of my son and daughter in manner following: " *Held,* that the will did not offend the rule against perpetuities or the statute that prevents accumulations beyond the life or lives in being and twenty-one years thereafter.

Argued March 18, 1908. Appeal, No. 108, Jan. T., 1908, by plaintiff, from decree of C. P. Lycoming Co., Sept. T., 1907, No. 1, dismissing bill in equity in case of Susan M. Stephens v. George A. Dayton et al., surviving executors of the estate of John E. Dayton, deceased. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Bill in equity to declare a trust null and void.

The bill averred that John E. Dayton died July 3, 1905, leaving a last will and testament, in which he named his son, Ira A. Dayton, and his brother, George A. Dayton, and William J. Dale as executors and trustees, with full power and authority to carry on the business theretofore carried on by the testator during his lifetime, and in case of a vacancy, from any cause, at any time, in the board of trustees, said trustees are authorized to fill such vacancy. That testator left to survive him two children, both of full age, viz.: Ira A. Dayton and Susan M. Stephens (plaintiff and appellant in this case) and five grandchildren, viz.: John D. Stephens, aged thirteen, William H. Stephens, aged eleven, and Mary A. Stephens, aged four, children of said Susan M. Stephens, and Louise Dayton, aged nine, and Robert Dayton, aged seven, children of said Ira A. Dayton, and that said Ira A. Dayton, one of said executors and trustees, is dead, C. W. Scott has been appointed executor and trustee in his stead.

That the trust which testator undertook to create in his executors and trustees and in their successors violates the rule of law against perpetuity, and is in unlawful restraint of alienation and therefore void.

That said testator, at and before the time of his death, was engaged in the manufacturing business, and possessed of property of the value of $103,000.

That the executors and trustees had neglected and refused to account to plaintiff, though often requested so to do.

The bill prayed for a decree making null and void the trust created under the will of the testator.

That the executors and trustees be required to account to plaintiff.

The defendant demurred to the bill.

The court sustained the demurrer and dismissed the bill.

*Error assigned* was decree dismissing the bill.

*John J. Reardon*, with him *Wm. M. Stephens*, for appellant, cited: Philadelphia v. Girard's Heirs, 45 Pa. 9; Johnson's Est., 185 Pa. 179; Donohue v. McNichol, 61 Pa. 73; Smith's App., 88 Pa. 492; Pennsylvania Co. for Ins., etc., v. Price, 7 Phila. 465.

*Seth T. McCormick*, with him *A. M. Hoagland*, for appellee, cited: Johnston's Est., 185 Pa. 179; Hillyard v. Miller, 10 Pa. 326; Lawrence's Est., 136 Pa. 354; Phila. v. Girard's Heirs, 45 Pa. 9; Smith's App., 88 Pa. 492; Donohue v. McNichol, 61 Pa. 73; Gœhring's Appeal, 81* Pa. 283; Weinbrenner's Estate, 173 Pa. 440; Johnston's Estate, 185 Pa. 179; Gerber's Estate, 196 Pa. 366; Horner's Est., 10 Pa. Dist. Rep. 729; Siddall's Est., 180 Pa. 127; Coggins's App., 124 Pa. 10; Chess's App., 87 Pa. 362.

OPINION BY MR. JUSTICE MESTREZAT, March 30, 1908:

The testator devised and bequeathed all his property to his executors in trust for the purposes named in his will, and then over.

By clause (h) of paragraph 2, it is provided: " The residue of the rents, issues and profits of my said estate, after paying all charges thereon, shall be equally divided, semi-annually, between my son Ira A., and daughter, Susan, or should either die, between the survivor and the heirs and the next of kin of the deceased, said heirs and kin taking what the deceased, if living, would have taken; or, if this trust should continue after the death of both my said son and daughter, the said residue of the rents, issues and profits of my estate shall be divided, one-half to the heirs and next of kin of said deceased son, and one-half to the heirs and next of kin of said deceased daughter."

Clauses (k) and (1) of the said paragraph provide for the termination of the trust. Clause (k): " The trust hereby created shall cease immediately upon the sale by the trustees of my shares of the capital stock of the J. E. Dayton Company, Williamsport, Pa., or upon the said trustees dividing the said capital stock between my said two children or upon the death

of the survivor of my son or daughter, should he or she die before the other, and the said trustees shall immediately, upon this its termination in any one of the ways aforesaid, convey all the estate then in their hands to my son and daughter in equal shares ; or, if my son or daughter or both be then dead, the half which otherwise would be conveyed to him or her, shall be conveyed to the heirs of said son or daughter, or, if the property be the personalty, to such persons as, under the intestate laws, would be thereto entitled had such son or daughter died owner of it." Clause (1): "Notwithstanding the provisions in the preceding paragraph as to the termination of the trust hereby created, if in the unanimous judgment of my said trustees, it would be unwise for any reason at the time and under the conditions mentioned therein to so divide my estate, this trust shall continue during the life of the survivor of my grandchildren, who may be living at the time of my death, or until such time, although one or more of said grandchildren be living, as the said trustees shall unanimously agree that it will be wise and safe to terminate said trust."

It will be observed that under clause (k) there are three ways in which the trust may be terminated. But each of those ways contemplates its termination not later than the death of the survivor of the testator's two children, and hence earlier than the date fixed in the succeeding clause. Whether it should be terminated in the manner provided in clause (k) was, by clause (1) left to the unanimous judgment of the trustees. If in their judgment it was unwise for any reason to terminate the trust and divide the estate as provided in clause (k), they were authorized to continue the trust as provided in clause (1). It is, therefore, apparent that, under neither clause, could the limitation upon the life of the trust be extended beyond the restriction provided in clause (1).

There is no difficulty in interpreting clause (1) and in reaching the conclusion that it does not violate the rule against perpetuities. The controlling language is : " This trust shall continue during the life of the survivor of my grandchildren, who may be living at the time of my death, or until such time, although one or more of said grandchildren be living, as the said trustees shall unanimously agree that it will be wise and safe to terminate said trust." As contended in appellant's brief,

this enlarges the duration of the trust declared in clause (k). If, therefore, in the judgment of the trustees it is unwise to divide the estate at the death of the testator's surviving child as provided in clause (k), the trust shall continue during the life of the survivor of his grandchildren who may be living at the testator's death. The death of the surviving grandchild who was living at his grandfather's death fixes the utmost limit of the trust, and under this clause of the will it must terminate upon the happening of the event. But the trust may be sooner terminated under the alternative provision of the clause. It is to continue during the life of a surviving grandchild, " or until such time, although one or more of said grandchildren be living," as the trustees may unanimously determine it is wise and safe to terminate it. The trustees, therefore, are not obliged to await the death of the surviving grandchild to terminate the trust and vest the estate. They may end it while any or all of the grandchildren who were living at the testator's death are still living. The " said grandchildren " named in the alternative provision of this clause of the will refer to the grandchildren mentioned in the previous clause who are those living at the death of the testator. In no contingency, therefore, can the trust be extended beyond the life of a surviving grandchild who was living at his grandfather's death. Hence it must be terminated within a life in being at the death of the creator of the trust. At that time, the remainder of the estate will vest in those entitled to it under the will. This trust, therefore, does not offend the rule against perpetuities or the statute that prevents accumulations beyond the life or lives in being and twenty-one years thereafter.

The third paragraph of the will does not postpone the termination of the trust under the limitation fixed in clause (1) of the preceding paragraph. It is simply a declaration by the testator of his purpose in making the " previous dispositions " of his property. His principal object was, as he states, to preserve his interest in the Dayton Company for his children and descendants. It is true, he says, that his object is to continue the trust " as long as possible," but that does not avoid or change the prior clauses of the will wherein he creates and limits the trust, but is merely an expression of his

desire that the property be continued in his descendants as long as it can legally be done.

After a very careful examination and consideration of the will we are of opinion that the learned court below was right in holding that it does not transgress the law against perpetuities.

The decree is affirmed.